UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY DYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 12 C 7632 |
| ) | |
| VILLAGE OF MIDLOTHIAN, ) | Judge Ronald A. Guzmán |
| ANTHONY VALENTE, in his ) | |
| individual capacity, DAVID BURKE, ) | |
| STEVE ZAMIAR, and other unknown ) | |
| officers and detectives of the Village of ) | |
| Midlothian Police Department, ) | |
| individually and in their official ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff sues defendants pursuant to 42 U.S.C. § 1983 for their alleged violations of his Fourth Amendment rights. Defendants the Village of Midlothian, David Burke and Steve Zamiar have filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss any claims asserted against Burke and Zamiar in their individual capacities and the *Monell* claim asserted in Count III of the amended complaint. For the reasons set forth below, the Court grants the motion.

**Facts**

On August 18, 2011, defendant Valente pulled plaintiff's car over though he had no reason to believe that plaintiff had committed or was committing a crime. (Am. Compl. ¶¶ 11-13.) Valente asked plaintiff for his driver's license, which plaintiff provided, and then told plaintiff to get out of his car. (*Id.* ¶¶ 14-17.) Once plaintiff was out of his car, Valente frisked and handcuffed him and put him in the backseat of Valente's squad car. (*Id.* ¶¶ 18-19.) Thereafter, Valente searched plaintiff's car, and though he found no weapons or contraband, took plaintiff to the Midlothian

Police Department, where he left plaintiff handcuffed to a bench for thirty minutes. (*Id.* ¶¶ 20-27.) Ultimately, Valente released plaintiff without charging him with any crime. (*Id.* ¶ 29.)

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Though the body of the amended complaint suggests otherwise, the caption states that plaintiff sues Burke and Zamiar in both their individual and official capacities. Plaintiff has not, however, stated viable individual capacity claims against these defendants. "Section 1983 creates a cause of action based upon personal liability and predicated upon fault." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1986). Thus, a defendant cannot be held individually liable "unless he caused or participated in an alleged constitutional deprivation." *Id.* Plaintiff alleges that Burke is the Chief of Police and Zamiar is the Deputy Chief of Police for Midlothian but not that either had any involvement in the conduct of which he complains. (*See* Am. Compl. ¶¶ 7-8.) Absent such allegations, he has not stated viable § 1983 individual capacity claims against Burke and Zamiar.

Plaintiff also seeks to hold liable the Village of Midlothian and Burke and Zamiar in their official capacities. Such claims require allegations that plaintiff's constitutional rights were violated by the execution of one of Midlothian's official customs or policies. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978) (stating that a local government cannot be sued under § 1983 unless "[the] execution of [its] policy or custom . . . inflicts the [alleged] injury"); *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (stating that an official capacity claim against a

government employee is, in essence, a claim against the government entity that employs him). Though plaintiff alleges that his rights were violated because Midlothian failed to adequately "[to] train, supervise and control" its police officers and "[to] punish and discipline prior instances of similar misconduct," he alleges no facts to support these conclusory allegations. (*See* Am. Compl. ¶ 39.) Thus, he has not stated a plausible claim for relief under *Monell*. *See Twombly*, 550 U.S. at 570.

## Conclusion

For the reasons set forth above, the Court grants the defendants' motion to dismiss [32] and dismisses without prejudice any individual capacity § 1983 claim plaintiff asserts against defendants Burke and Zamiar and the *Monell* claim he asserts against Burke and Zamiar in their official capacities and the Village of Midlothian in Count III of the amended complaint. Plaintiff has fourteen days from the date of this Order to file an amended complaint that comports with this Order. If he fails to do so in that time, the Court will dismiss these claims with prejudice.

**SO ORDERED.**            **ENTERED:  October 11, 2013**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

3