# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERRY DYSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 12 C 7632 ) |
| VILLAGE OF MIDLOTHIAN, ANTHONY VALENTE, DAVID BURKE and STEVEN ZAMIAR, | ) Judge Ronald A. Guzmán ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendants, the Village of Midlothian and three of its police officers, Anthony Valente, David Burke and Steve Zamiar, pursuant to 42 U.S.C. §§ 1983 and 1985 for violating and conspiring to violate his constitutional rights. Defendants have filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's second amended complaint. For the reasons set forth below, the Court grants in part and denies in part the motion.

## Facts

On August 18, 2011, defendant Valente pulled plaintiff's car over, though he had no reason to believe that plaintiff had committed or was committing a crime. (2d Am. Compl. ¶¶ 18-19, 27.) Valente asked plaintiff for his driver's license, which plaintiff provided, and then told plaintiff to get out of his car. (*Id.* ¶¶ 20-21.) Once plaintiff was out of his car, Valente handcuffed him, searched plaintiff's car and had it impounded. (*Id.* ¶¶ 22-24.) Valente then took plaintiff to the Midlothian Police Department, handcuffed him to a bench and issued tickets to him for speeding, driving an uninsured vehicle, driving without a license and unlawful use of a license. (*Id.* ¶¶ 25-27.) The tickets were later dismissed. (*Id.* ¶¶ 28-29.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In Count I, plaintiff asserts a § 1983 false arrest claim against Zamiar in his individual capacity. "Section 1983 creates a cause of action based upon personal liability and predicated upon fault." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1986). Thus, a defendant cannot be held individually liable "unless he caused or participated in an alleged constitutional deprivation." *Id.* Zamiar's only "involvement" in the alleged deprivation is that he was the Deputy Chief of Police for Midlothian. (*See* 2d Am. Compl. ¶ 7.) Because plaintiff does not allege that Zamiar was personally involved in his arrest, plaintiff has not stated a viable § 1983 claim against Zamiar.

In Counts I and II, plaintiff asserts § 1983 false arrest and unlawful property seizure claims against Valente. These claims are viable only if Valente made the arrest and seizure without probable cause. *See Lee v. City of Chi.*, 330 F.3d 456, 466 (7th Cir. 2003); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992). Valente says plaintiff has not and cannot allege that he did because records from the Illinois Secretary of State establish that plaintiff's driver's license was suspended on the day he was arrested for driving without a license. (*See* Defs.' Mot. Dismiss 2d Am. Compl., Ex. 2, Ill. Sec. of State Record); *see Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008) (stating that "a district court [may] take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment"). The records do not, however, establish that Valente knew plaintiff's license was suspended, the touchstone of probable cause. *See Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 622 (7th Cir. 2010)

("Probable cause exists if, at the time of the arrest, the facts and circumstances within the defendant's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed an offense.") (quotation omitted). Moreover, though plaintiff alleges that he gave Valente his driver's license (2d Am. Comp. ¶ 20), he does not allege that Valente took the license back to his squad car or any other fact from which we can infer that Valente checked whether plaintiff's license was valid. Accordingly, Valente's motion to dismiss Counts I and II is denied.

In Count III, plaintiff asserts a § 1985(3) conspiracy claim against Valente and Zamiar. Absent extraordinary circumstances, which plaintiff does not allege, agents of a single municipal entity cannot be held liable for conspiracy. *See Wright v. Ill. Dep't of Children & Family Servs.*, 40 F.3d 1492, 1508-09 (7th Cir. 1994). Thus, the Court grants defendants' motion to dismiss Count III.

In Count IV, plaintiff asserts that the Village is liable for the constitutional violations allegedly committed by Valente because it failed to train him properly. To state a viable claim, plaintiff must allege that Valente's actions resulted from a Village policy of failing to train its police officers though "'the need for more or different [police] training is . . . obvious[] and the inadequacy [of current training is] likely to result in the violation of [their] constitutional rights.'" *Roach v. City of Evansville*, 111 F.3d 544, 549 (7th Cir. 1997) (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). Plaintiff alleges no facts that suggest the Village has such a policy. (*See* 2d Am. Compl. ¶¶ 46-48); *see also Twombly*, 550 U.S. at 570. The Court, therefore, grants the Village's motion to dismiss.

**Conclusion**

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss the second amended complaint [67], dismisses without prejudice the claims asserted against Zamiar in Counts I and III, against Valente in Count III, and against the Village in Count IV. The motion is denied as to the claims asserted against Valente in Counts I and II. Plaintiff has fourteen days from the date of this Order to amend the Count I claim against Zamiar and the claims in Counts III and IV in accordance with this Order. If he fails to do so in that time, the Court will dismiss these claims with prejudice.

**SO ORDERED.**  ENTERED: February 14, 2014

*[signature: Ronald A. Guzman]*

**HON. RONALD A. GUZMAN**
**United States District Judge**