**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TERRY DYSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 12 C 7632** |
| | ) | |
| **VILLAGE OF MIDLOTHIAN,** | ) | **Judge Ronald A. Guzmán** |
| **ANTHONY VALENTE, DAVID** | ) | |
| **BURKE and STEVEN ZAMIAR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendants, the Village of Midlothian and three of its police officers, Anthony Valente, David Burke and Steve Zamiar, pursuant to 42 U.S.C. § 1983 for violating and conspiring to violate his constitutional rights. Defendants have filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's third amended complaint. For the reasons set forth below, the Court grants in part and denies in part the motion.

## Facts

On August 18, 2011, defendant Valente pulled plaintiff's car over, though he had no reason to believe that plaintiff had committed or was committing a crime. (3d Am. Compl. ¶¶ 18-19, 27.) Valente asked plaintiff for his driver's license and proof of insurance, which plaintiff provided, and then told plaintiff to get out of his car. (*Id.* ¶¶ 20-21.) Once plaintiff was out of his car, Valente handcuffed him, searched plaintiff's car and had it impounded. (*Id.* ¶¶ 22-24.) Valente then took plaintiff to the Midlothian Police Department, handcuffed him to a bench and issued tickets to him for speeding, driving an uninsured vehicle, unlawful use of a license, and driving with a suspended license. (*Id.* ¶¶ 25-27.) The tickets were later dismissed. (*Id.* ¶¶ 28-29.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In Counts I and II, plaintiff asserts § 1983 claims for unlawful arrest and unlawful search and seizure of property against Valente. Valente contends that these claims should be dismissed because he had probable cause to take those actions. *See Soldal v. Cook Cnty.*, 506 U.S. 56, 66 (1992) (probable cause justifies a property seizure); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) ("It is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest."); *see also See United States v. Cartwright*, 630 F.3d 610, 613 (7th Cir. 2010) (noting that inventory searches of impounded cars "[are] reasonable under the Fourth Amendment"); Valente made this argument in his motion to dismiss the second amended complaint, and the Court rejected it:

> Valente says plaintiff has not and cannot allege that [Valente lacked probable cause] because records from the Illinois Secretary of State establish that plaintiff's driver's license was suspended on the day he was arrested for driving without a license. . . . The records do not, however, establish that Valente knew plaintiff's license was suspended, the touchstone of probable cause. . . . Moreover, though plaintiff alleges that he gave Valente his driver's license . . . , he does not allege that Valente took the license back to his squad car or any other fact from which we can infer that Valente checked whether plaintiff's license was valid. Accordingly, Valente's motion to dismiss Counts I and II is denied.

(*See* 2/14/14 Mem. Opinion & Order at 2-3 [Dkt. 76].)

Valente contends, however, that plaintiff has now provided the link between the license suspension and the existence of probable cause by alleging that "Valente momentarily returned to

his vehicle" with plaintiff's license. (3d Am. Compl. ¶ 20.) In Valente's view, the inference from this allegation, that he checked the status of plaintiff's license, together with state records that confirm the license suspension, "conclusively establish[]" that he had probable cause to arrest plaintiff for driving on a suspended license. (Defs.' Mot. Dismiss 3d Am. Compl. at 4-5.)

The Court disagrees. The newly-added allegation supports, but does not compel, the inference that Valente checked the status of plaintiff's license. Accordingly, its addition to the complaint does not provide a basis for dismissing Counts I and II.

In Count III, plaintiff alleges that Valente and other unknown officers conspired to deprive him of his Fourth Amendment rights. The Court dismissed this claim from the second amended complaint because plaintiff had not alleged the existence of "extraordinary circumstances" sufficient to overcome the intra-corporate conspiracy doctrine. (*See* 2/14/14 Mem. Opinion & Order at 3 [Dkt. 76].) Plaintiff has not cured this deficiency, despite having ample opportunity to do so. Therefore, the Court dismisses this claim with prejudice.

In Count IV, plaintiff asserts that the Village is liable for Valente's alleged constitutional violations because it failed to train him properly. The Court dismissed this claim from the second amended complaint because plaintiff had not alleged any facts that suggested the Village has a policy of failing to train its police officers, which is required for municipal liability under § 1983. (*See id.*) The third amended complaint is equally devoid of support for this claim. Accordingly, the Court dismisses Count IV with prejudice.

**Conclusion**

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss the third amended complaint [80]. The motion is granted as to the claims in Counts III and IV, which are dismissed with prejudice. The motion is denied as to the claims asserted in Counts I and II, which are the only claims that remain in this suit. Status hearing is set for July 2, 2014.

 SO ORDERED.                                 ENTERED:  June 13, 2014


_____
 **HON. RONALD A. GUZMAN**
 **United States District Judge**