UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Terry Dyson, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | No. 12 C 7632 |
| | ) | |
| v. | ) | Hon. Ronald A. Guzmán |
| | ) | |
| Village of Midlothian, et al., | ) | |
| Defendants. | ) | |

**Memorandum Opinion and Order**

For the reasons stated herein, Defendant Anthony Valente's motion in limine 4 to bar allegations of or testimony regarding selective enforcement or racial animus [Dkt. # 141] is taken under advisement pending a submission as detailed herein.

**Statement**

Defendant moves in limine to bar allegations of or testimony regarding selective enforcement or racial animus. Plaintiff has declared he intends to testify that he was not violating any laws at the time he was arrested, and that the traffic stop he was subjected to was motivated by racial prejudice, *i.e.*, he was stopped solely because he is black. Defendant objects on two grounds.

First, Defendant argues that such testimony is merely personal opinion regarding the mental state of another and is therefore incompetent. The general rule is that a witness can only testify as to matters of which he has personal knowledge. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Since Plaintiff can have no personal knowledge as to the Defendant officer's state of mind at the time of the traffic stop, it would seem logical that Plaintiff is not competent to testify on that subject matter. However, Federal Rule of Evidence 701 permits lay opinion testimony as long as it is: (a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701. The rule has been held to apply to testimony as to another person's mental state. *See United States v. Wantuch*, 525 F.3d 505, 513 (7th Cir. 2008) ("We have held that lay opinion testimony regarding mental states is admissible under Rule 701.").

Whether Plaintiff has a sufficient basis for making such a "rational determination" depends upon the specific facts, which here relate to what Plaintiff perceived at the time of his arrest. In *Bohannon v. Pegelow,* 652 F.2d 729 (7th Cir. 1981), the Seventh Circuit found that it was not an abuse of discretion for the district court to have admitted a witness' lay opinion testimony that the plaintiff's arrest was

motivated by racial prejudice. *Id.* at 731. The defendant argued that the trial court abused its discretion in admitting the witness' testimony because the rest of her testimony did not contain any facts indicating racial prejudice and, as such, the opinion could not have been rationally based on her perception. *Id.* at 732. The Seventh Circuit disagreed, reasoning that because the trial court had determined that the witness was present at the time of the arrest and the opinion, which was based on personal knowledge and rational perceptions, was helpful to the jury, there was no abuse of discretion. In such a case, the court held, the defendant's arguments will go to the weight the evidence should be given, not its admissibility. *Id.*

This brings us to Defendant's second argument - that his motive for making the traffic stop is irrelevant. Since Plaintiff's Equal Protection claim was dismissed, Defendant argues that motive is no longer a relevant consideration. Indeed, an officer's motive in making an arrest or a traffic stop is not relevant in the determination of the legality of the stop for Fourth Amendment purposes. While it is true that the Constitution prohibits selective enforcement of the law based on considerations such as race, in *Whren v. United States*, 517 U.S. 806, 813 (1996), the Supreme Court made it clear that a claim of selective enforcement is properly brought under the Equal Protection Clause, not the Fourth Amendment. *Id.* Provided the traffic stop was objectively reasonable, the subjective intentions of an officer are not relevant to a fourth amendment claim. *See Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1113 (7th Cir. 2013); *United States v. Muriel*, 418 F.3d 720, 724 (7th Cir. 2005) ("[W]e need only inquire whether the officer had probable cause to believe that a traffic violation occurred, not whether [the driver] actually was tailgating") (internal citation omitted); *United States v. Cashman*, 216 F.3d 582, 586–87 (7th Cir. 2000) (officer's estimate of the fact undergirding a violation need not be "perfectly accurate"; it need only be reasonable for the officer to believe a violation had occurred).

Thus, if Defendant observed conduct that gave him a reasonable belief that Plaintiff violated the rules of the road, then probable cause would exist and Plaintiff's lawsuit fails, regardless of Defendant's true motive. But the fact that the officer's motive for stopping Plaintiff is not an element of the cause of action does not necessarily mean that it is devoid of all probative value. In order to convince the trier of fact that he was detained in spite of the fact that he was in driving within the law, Plaintiff would be well served to be able to provide a reason for the officer's otherwise inexplicable actions. Though not required, proof of a motive behind the alleged violation of plaintiff's Fourth Amendment rights, such as racial animus or selective enforcement, might strengthen plaintiff's contention. But more than Plaintiff's unsupported belief would be required; Plaintiff would have to provide "definite, competent evidence" meaning "evidence on which a reasonable jury could rely." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (citing *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004)).

In addition, any such evidence is subject to Federal Rule of Evidence 403, which requires the Court to balance the likely prejudice to the officer of an accusation of racial animus against the probative weight of such evidence. If its probative value is substantially outweighed by the danger of unfair prejudice to the officer, then even relevant evidence may be barred. *See* Fed. R. Evid. 403. The relevance of Plaintiff's testimony, as pointed out above, is tangential because proof of racial animus as a motive for the traffic stop would not be determinative. No Fourth Amendment violation could have occurred if probable cause for the stop was present, even if the stop were racially motivated. In addition, it appears from our review of the pretrial motions that there was no conduct during the traffic stop that would clearly imply racial animus, *e.g.*, racially-charged or abusive language. It is therefore

unclear to the Court if there is any rational basis for Plaintiff's conclusion, and if there is, what the probative value of such evidence will be. For that reason, the Court is requiring Plaintiff to make a pretrial submission in writing of all of the facts and circumstances that he perceived during the course of the traffic stop that form the basis for his opinion and testimony.

Dated: March 16, 2016

**SO ORDERED**  ENTER:

*Ronald A. Guzmán*
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-
**RONALD A. GUZMÁN**
**United States District Judge**